**CONSUMERS UNION OF U. S., INC.,
et al., Plaintiffs,**

v.

**FEDERAL TRADE COMMISSION, et
al., Defendants.**

No. 82–1737.

United States Court of Appeals,
District of Columbia Circuit.

Argued En Banc 12 Oct. 1982.

Decided 22 Oct. 1982.

J. Paul McGrath, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., with whom Stanley S. Harris, U. S. Atty., Anthony J. Steinmeyer and Douglas Letter, Attys., Dept. of Justice, Washington, D. C., were on the brief for F.T.C.

Ellen Broadman, Washington, D. C., with whom Mark Silbergeld and Alan B. Morrison, Washington, D. C., were on the brief for Consumers Union of United States, Inc., et al.

Stanley M. Brand, Gen. Counsel to the Clerk, U. S. House of Representatives, Washington, D. C., with whom Steven R. Ross, Deputy Counsel to the Clerk, U. S. House of Representatives and Eugene Gressman, Washington, D. C., were on the brief for U. S. House of Representatives.

Charles Tiefer,* Asst. Senate Legal Counsel, U. S. Senate, Washington, D. C., with

* Pursuant to Title 2 U.S.C. § 2881(b).

whom Michael Davidson, Senate Legal Counsel, M. Elizabeth Culbreth, Deputy Senate Legal Counsel, U. S. Senate, Washington, D. C., were on the brief for U. S. Senate.

Robert C. Eckhardt and Herman Schwartz, Washington, D. C., were on the brief, for Waxman, et al., amici curiae urging unconstitutionality of the veto.

William H. Mellor, III, and Maxwell A. Miller, Denver, Colo., were on the brief for Mountain States Legal Foundation, et al., amici curiae urging constitutionality of the veto.

Walter E. Huizenga, Oakton, Va., was on the brief for National Auto. Dealers Ass'n, amicus curiae urging constitutionality of the veto.

Before ROBINSON, Chief Judge, and WRIGHT, TAMM, MacKINNON, WILKEY, EDWARDS, GINSBURG and BORK, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM.

This case involves three questions certified to us by the District Court pursuant to Section 21(f)(1) of the Federal Trade Commission Improvements Act of 1980 (FTCIA).[1] All three questions concern the constitutionality of Section 21(a) of that Act, which requires the Federal Trade Commission (FTC), after promulgating any final rule, to submit such rule to Congress for review. The rule becomes effective after ninety days of continuous session following submission unless both Houses of Congress adopt a concurrent resolution disapproving the final rule.

In August of 1981 the FTC, after several years of rulemaking proceedings announced a final FTC rule covering representations of warranty coverage and disclosures of accurate information in connection with the sale of used cars.[2] The used car rule was submitted to each House of Congress on 9 September 1981.[3] Congress, by means of Senate Concurrent Resolution 60, proceeded to veto the rule.[4]

Following Congress' veto, plaintiffs, two consumer groups, filed this suit, naming as defendants the FTC, the Senate and the House of Representatives. The plaintiffs alleged that their members would be directly harmed by the legislative veto and the consequent failure of the FTC to make the used car rule effective. As required by the Act, the District Court immediately certified the constitutionality of the congressional action to this court for expeditious *en banc* consideration.

We are obliged at the outset to consider whether the matter before us meets the standing requirements of Article III. We hold that it does.

FTCIA authorizes "[a]ny interested party" to file an action challenging the statute's congressional veto provisions.[5] It is undisputed that Congress, through the "[a]ny interested party" specification, intended to permit standing to seek judicial review to the full extent permitted by Article III. One of the two plaintiff organizations, Consumers Union, participated in the FTC's used car rulemaking proceedings,[6] and both speak on behalf of consumers, in this instance, used car purchasers, who seek

---

**1.** 15 U.S.C. § 57a–1(a) (Supp. IV 1980).

**2.** 46 Fed.Reg. 41328–78 (1981).

**3.** Because of the technicalities of the continuous session requirement, the rule was resubmitted on 28 January 1982.

**4.** The Senate passed the veto resolution on 18 May 1982. 128 Cong.Rec. S 5402 (daily ed.). The House of Representatives followed suit on 26 May 1982. 128 Cong.Rec. H 2883 (daily ed.).

**5.** 15 U.S.C. § 57a–1(f)(1) (Supp. IV 1980). *Cf.* 15 U.S.C. § 57a(e)(1)(A) (1976) ("any interested person (including a consumer or consumer organization)" may file a petition for judicial review of an FTC rule).

**6.** *See* H.Conf.Rep.No. 917, 96th Cong., 2d Sess. 38 (1980), U.S.Code Cong. & Admin.News, p. 1073 ("interested party" within the meaning of 15 U.S.C. § 57a–1(f)(1) includes, *inter alia*, "all persons who participated in the particular rulemaking that is the subject of the suit").

disclosures that would assist them in making informed purchasing decisions. Both organizations assert that, "but for" the veto's intervention, the FTC's used car rule would have secured significant assistance and protection for the used car buyers they represent.[7] Guided most clearly by the Supreme Court's decision in *Buckley v. Valeo*,[8] we conclude that the injury described in the consumer organizations' complaint satisfies the Article III threshold standing requirement.[9]

■ We further conclude that the case meets the Article III adversary contest requirement. The House and Senate, as named defendants, have vigorously aired their position on the constitutionality of the congressional veto, and have not sought dismissal of the complaint against them. The Resolution authorizing the Senate Legal Counsel to defend this case underscores the extraordinary character of the proceeding.[10] As the Senate Resolution points out, "ordinarily [a chamber of Congress] may not be named as a party defendant in litigation."[11] In this exceptional situation, however, the Senate and House, in enacting 15 U.S.C. § 57a–1(f)(1), and participating here as par-

ties, have supplied the requisite adverseness and have effectively invited our expeditious resolution of the constitutional questions at issue.[12]

We are called upon then to decide whether Section 21(a) of FTCIA and Senate Concurrent Resolution 60 (a) violate the principles of separation of powers established in Articles I, II, and III of the Constitution; (b) violate the procedures established by Article I for the exercise of legislative powers; and (c) improperly delegate administrative power to Congress without any standards for the exercise of that power.

■ We note that all three of these questions have been thoroughly considered and disposed of by a panel of this court in *Consumers Energy Council of America v. FERC.*[13] We adhere to the analysis of that opinion. Accordingly, we hold:

1. For the reasons given in *Consumers Energy Council,* section V(E), Section 21(a) of the FTCIA and Senate Concurrent Resolution 60 violate the principles of separation of powers established in Articles I, II, and III of the Constitution.

7. *See Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 72–78, 98 S.Ct. 2620, 2629–33, 57 L.Ed.2d 595 (1978).

8. 424 U.S. 1, 11–12, 109–43, 96 S.Ct. 612, 630–31, 677–693, 46 L.Ed.2d 659 (1976). In *Buckley,* under 2 U.S.C. § 437h (1976), a judicial review provision similar to 15 U.S.C. § 57a–1(f)(1), voters and candidates successfully challenged as inconsonant with the Appointments Clause statutory provisions concerning House and Senate appointment of members of the Federal Elections Commission. The "injury" supporting standing was less apparent in that case than in this one.

9. Last term, in *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, ——, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982), the Supreme Court explained that Article III requires, "at an irreducible minimum," that the claimed injury not only be sufficient in itself, but also sufficiently connected to plaintiff, to defendant's actions, and to the action requested of the court. That is, there must be injury in fact, a connection between the injury claimed and the plaintiff. Second, the injury must be fairly traceable to defendant's actions, a connection between the injury and defendant's actions. And third,

there must be a likelihood that the injury will be redressed by a favorable decision, a connection between the injury and the action requested of the court. All three requirements are met here. Members of the two consumer organizations are handicapped in their efforts to make informed used car purchases by the lack of a disclosure rule. Congress' veto, and the FTC's decision to abide by it, prevented the used car rule from taking effect. Finally, this court's decision, that the veto was unconstitutional, will clear the way for the rule to become effective.

10. S. Res. 421, 97th Cong., 2d Sess. (1982), *adopted,* 128 Cong.Rec. S 7613 (daily ed. 29 June 1982).

11. *Id.*

12. *Cf. Chadha v. Immigration and Naturalization Service,* 634 F.2d 408, 419–20 (9th Cir. 1980), *restored to calendar for reargument,* 454 U.S. 812, 102 S.Ct. 87, 70 L.Ed.2d 80 (1982).

13. 673 F.2d 425 (D.C.Cir.1982), *appeal docketed,* 51 U.S.L.W. 3099 (U.S. 2 Aug. 1982) (No. 82–177).

2. For the reasons given in *Consumers Energy Council,* section V(D), Section 21(a) of the FTCIA and Senate Concurrent Resolution 60 violate the procedures established by Article I for the exercise of legislative powers.

3. For the reasons stated in *Consumers Energy Council,* section V, note 82, we decline to express an opinion as to whether Section 21(a) of the FTCIA and Senate Concurrent Resolution 60 improperly delegate administrative power to Congress without any standards for the exercise of that power.

For further proceedings in light of these holdings, the case is

*Remanded.*