# Constitutionality of Committee Approval Provision in Department of Housing and Urban Development Appropriations Act

Provision for prior congressional committee approval of an executive officer's exercise of statutory authority is an unconstitutional legislative veto, and is of no legally binding effect. Accordingly, such a provision in the Department of Housing and Urban Development (HUD) appropriations act cannot operate to prohibit the Secretary of HUD from undertaking certain otherwise authorized actions in connection with a planned departmental reorganization.

October 27, 1982

MEMORANDUM OPINION FOR THE GENERAL COUNSEL,
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

This responds to your request for our opinion regarding the legal effect of a provision in the Housing and Urban Development-Independent Agencies Appropriations Act, 1983, Pub. L. No. 97–272, 96 Stat. 1160, 1164 (1982), (HUD appropriations bill), which purports to require that no appropriated funds be used prior to January 1, 1983, "to plan, design, implement or administer any reorganization of the Department without the prior approval of the Committees on Appropriations."

For reasons set forth in detail below, we believe that this so-called "committee approval" provision is unconstitutional, and therefore has no legal effect. Because it is attached to the general HUD appropriations bill and not to specific authority conferred on the Secretary, we do not believe that its unconstitutionality prevents the Secretary from exercising the substantive powers which this committee approval device was apparently intended to control. As several Presidents have stated in similar circumstances, such provisos in general appropriations legislation, because they are unconstitutional, are not to be regarded as controlling the actions of executive agencies. We will set forth the constitutional analysis that leads us to this result in part I. In part II, we will apply this analysis to the two particular questions you raised in your October 19 letter.

## I. Constitutional Principles

The Executive Branch long has taken the position that "committee approval" provisions such as contained in your agency's appropriations legislation are unconstitutional. See, e.g., 37 Op. Att'y Gen. 56 (1933); 41 Op. Att'y Gen. 230 (1955); 41 Op. Att'y Gen. 300 (1957). Based upon these historic assertions of

591

unconstitutionality, Presidents Eisenhower and Johnson, in signing into law bills containing such provisions, explicitly instructed their subordinates to disregard them. *See Pub. Papers of Dwight D. Eisenhower* 688–89 (1955); *Pub. Papers of Lyndon B. Johnson* 104–105 (1963–1964).

The reasoning underlying this long-held view is the same as that underlying the Executive Branch's position in pending litigation before the Supreme Court, which has been accepted unanimously by the full Court of Appeals for the District of Columbia Circuit and by the Court of Appeals for the Ninth Circuit. *See Consumer Energy Council of America* v. *Federal Energy Regulatory Commission;* 673 F.2d 425 (D.C. Cir. 1982), pending before the Supreme Court as Nos. 81–2008, 81–2020, 81–2151, 81–2171 and 82–209; *Consumers Union of the United States* v. *Federal Trade Commission,* 691 F.2d 575 (D.C. Cir. 1982) (en banc); *Immigration and Naturalization Service* v. *Chadha,* 634 F.2d 408 (9th Cir. 1980), pending before the Supreme Court as Nos. 80–1832, 80–2170 and 80–2171.* Congress may not by a resolution of one or two Houses of Congress or, in this case, one or more of its committees, impose new legal responsibilities or limitations on the Executive Branch unless the resolution is first adopted by both Houses of Congress and presented to the President for approval or veto. *See* Art. I, § 7, cls. 2 & 3. Furthermore, committees of Congress may not, by the approval resolution mechanism contemplated by the HUD appropriations statute, control the execution of the laws by an executive agency, because such control, if accomplished other than by plenary legislation, violates the principle of separation of powers. Under that principle, it is for Congress to legislate, and for the Executive to execute the laws.

It would be no response to suggest that appropriations acts are in some ways distinguishable from other acts and thus should be treated differently for purposes of constitutional analysis. As Attorney General William D. Mitchell wrote in 1933:

> Congress holds the purse strings, and it may grant or withhold appropriations as it chooses, and when making an appropriation may direct the purposes to which the appropriation shall be devoted and impose conditions in respect to its use, provided always that the conditions do not require operation of the Government in a way forbidden by the Constitution. *Congress may not, by conditions attached to appropriations, provide for a discharge of the functions of Government in a manner not authorized by the Constitution.* If such a practice were permissible, Congress could subvert the Constitution. It might make appropriations on condition that the executive department abrogate its functions.

37 Op. Att'y Gen. at 61 (emphasis added).

---

* NOTE: The Supreme Court's opinion in *Chadha,* affirming the Ninth Circuit, can be found at 462 U.S. 919 (1983). *See also* the Supreme Court's affirmance of the D.C Circuit in *Process Gas Consumers Group* v *Consumer Energy Council of America,* 463 U S. 1215 (1983). Ed

*See also United States* v. *Lovett,* 328 U.S. 303 (1946) (establishing the principle that exercises of Congress' spending power must be scrutinized in terms of other applicable constitutional requirements); *Buckley* v. *Valeo,* 424 U.S. 1, 132 (1976) (stating that Congress may not exercise its powers "in such a manner as to offend . . . constitutional restrictions stemming from the separation of powers").

## II. Particular Issues

You have asked not only for our general views on this "committee approval" provision—which, as we have stated, is in our view unconstitutional and of no legally binding effect—but also for our response to two particular questions, as follows.

(1) First, you note that 42 U.S.C. § 3535(p) provides that a plan for reorganization of any regional or field office of the Department may take effect only upon the expiration of 90 days after publication in the Federal Register of a cost-benefit analysis of the plan's effects. You state that such an analysis has been prepared with respect to certain planned reorganization measures. You also state that publication of the cost-benefit analysis in the Federal Register has been deferred in deference to the wishes of the chairman of the pertinent subcommittee of the House Committee on Appropriations. You ask whether the cost-benefit analysis may be published in the Federal Register before January 1, 1983, in view of the limiting language of the "committee approval" provision quoted at the outset of this memorandum.

We will assume *arguendo* that the "committee approval" provision's ban on spending funds prior to January 1, 1983, to "plan" a reorganization would comprehend the publication of a cost-benefit analysis for purposes of 42 U.S.C. § 3535(p). Even so, we do not believe that the "committee approval" provision has legal force in this context because of the provision's constitutional infirmities as discussed above. In our view, the provision cannot operate to prohibit publication of the cost-benefit analysis prior to January 1, 1983.[1]

(2) Second, you state that a limited reduction-in-force (RIF) at the Department's central headquarters has been instituted. You state that although there is doubt that a RIF is a "reorganization" as that term is generally understood, there is some legislative history that could be interpreted to suggest that this RIF would be subject to the "committee approval" provision in your Department's appropriation statute.[2] For present purposes, you have assumed that a RIF would be covered by the plain terms of the "committee approval" provision, and on that basis you have asked whether that provision would prohibit the RIF absent committee approval.

Once again, for the same reasons laid out above, we conclude that the "committee approval" provision does not have legally binding effect, and that it

---

[1] At the same time, we do not believe that the unconstitutionality of the "committee approval" provision would affect the legally binding nature of the requirements set forth in 42 U S C § 3535(p), which, as you have recognized, must be followed before a reorganization covered by that section takes effect.

[2] *See* H.R. Rep. No. 720, 97th Cong., 2d Sess. 10 (1982)

cannot prevent the Secretary from undertaking action otherwise authorized by applicable statutes.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*